Mr. James P. Beadle City Attorney City of Satellite Beach 5205 Babcock Street, Northeast Palm Bay, Florida 32905
Dear Mr. Beadle:
You have asked the following questions:
 1. May a member of the code enforcement board of the City of Satellite Beach disqualify himself from considering a matter before the board, pursuant to Ch. 38, F.S., and if not, whether there is any basis for disqualification for the reasons set forth in that chapter?
 2. Are the provisions of s. 162.05(1), F.S., regarding absence from two of three consecutive meetings applicable to regular meetings only?
In sum:
 1. A member of the code enforcement board of the City of Satellite Beach may not disqualify himself from considering a matter before the board pursuant to Ch. 38, F.S. If the board adopts rules relating to the conduct of meetings such rules must conform to s. 286.012, F.S., which requires a member who is present at a meeting to vote unless a conflict of interest exists or appears to exist.
 2. The provisions of s. 162.05(1), F.S., apply to all meetings of the code enforcement board in the absence of a legislative or judicial determination otherwise.
QUESTION ONE
Chapter 162, F.S., the "Local Government Code Enforcement Boards Act," provides for the creation by counties and municipalities, at their option, of quasi-judicial administrative boards. As provided in Ch. 162, F.S., such boards are created to enforce noncriminal codes and ordinances such as occupational license, fire, building, zoning, and sign codes.[1] The enactment of this chapter was necessary for creation of administrative enforcement procedures and the imposition of administrative fines by local governing bodies in light of the provisions of s. 1, Art. V, and s. 18, Art. I, State Const., which respectively provide that commissions established by law or administrative officers or bodies may be granted quasi-judicial power in matters connected with the functions of their offices, and that no administrative agency shall impose a sentence of imprisonment, nor shall it impose any other penalty except as provided by law.
The "Local Government Code Enforcement Boards Act" grants to the governing bodies of local governments the option of creating or abolishing by ordinance such boards having the powers and duties provided by the act. However, if a local governing body utilizes the enforcement mechanism and procedures provided for in Ch. 162, F.S., it must accept the prescribed enforcement boards and the enforcement procedures as set forth in the act.[2]
No provision of Ch. 162, F.S., of which I am aware or to which you have drawn my attention provides for the disqualification of a member or members of the code enforcement board from consideration of matters coming before the board.[3]
Chapter 38, F.S., sets forth general provisions relating to judges and specifically mentions the grounds and procedures for disqualifying a judge. Section 38.02, F.S., states that:
 In any cause in any of the courts of this state any party to said cause, or any person or corporation interested in the subject matter of such litigation, may at any time before final judgment, if the case be one at law, and at any time before final decree, if the case be one in chancery, show by a suggestion filed in the cause that the judge before whom the cause is pending, or some person related to said judge by consanguinity or affinity within the third degree, is a party thereto, or is interested in the result thereof, or that said judge is related to an attorney or counselor of record in said cause by consanguinity or affinity within the third degree, or that said judge is a material witness for or against one of the parties to said cause, but such an order shall not be subject to collateral attack. . . . (e.s.)
A suggestion of disqualification shall be filed in the action within 30 days after the disqualification is discovered by the parties to the action or their attorneys. If the truth of the suggestion appears from the record in the case, the judge must enter an order declaring himself disqualified. If the record does not reflect the truth of the suggestion, the judge may order the filing of relevant affidavits. If the suggestion is found to be false, the judge shall enter an order declaring himself to be qualified in the case; if a finding is made that the suggestion of disqualification is true, an order shall be entered disqualifying the judge in the case.[4]
In addition to disqualification by suggestion, a judge may disqualify himself on his own motion.[5] The grounds for self disqualification are the same as those provided in s. 38.02, F.S., supra.
I am not aware of nor have you brought to my attention any authority extending the provisions relating to disqualification of judges, i.e., Ch. 38, F.S., to the members of a code enforcement board. It is a well-recognized principle of statutory construction that the mention of one thing implies the exclusion of another. Thus, when a statute enumerates the things upon which it is to operate it is ordinarily construed as excluding from its operation all things not expressly mentioned.[6] Therefore, I cannot conclude that the provisions of Ch. 38, F.S., relating to disqualification of judges may be applied to members of a code enforcement board.
While s. 162.08(1), F.S., authorizes the board to "[a]dopt rules for the conduct of its hearings" such rules must not conflict with s. 286.012, F.S. That statute requires a member of a municipal board to vote regarding an official decision, ruling, or other official act to be taken or adopted at a meeting of any such body unless there is or appears to be a conflict of interest pursuant to ss. 112.311, 112.313, or 112.3143, F.S., in which case the member shall comply with the disclosure requirements of s.112.3143, F.S.[7] Any question as to what constitutes a "conflict of interest" as that term is used in the Code of Ethics for Public Officers and Employees (ss. 112.311-112.326, F.S.) must be submitted to the Florida Commission on Ethics.[8]
QUESTION TWO
Section 162.05(1), F.S., authorizes the local governing body to appoint the members of the code enforcement board and prescribes their qualifications and terms of office. The statute states "[i]f any member fails to attend two of three successive meetings without cause and without prior approval of the chairman, the enforcement board shall declare the member's office vacant, and the local governing body shall promptly fill such vacancy." Nothing in the language of s. 162.05(1), F.S., defines or limits the term "meetings" to particular types of meetings of the board.
Where a statute does not specifically define words of common usage, such words must be given their plain and ordinary meaning.[9] The word "meeting" is defined as "an act or process of coming together . . . an assembly for a common purpose";[10]
"a gathering for business, social, or other purposes";[11] "[a] coming together; an assembly."[12] Thus, in the absence of any legislative or judicial precedent restricting the term "meetings" as used in s. 162.05(1), F.S., I must conclude that the term embraces all meetings of the code enforcement board.
Sincerely,
Robert A. Butterworth Attorney General
(gh)
[1] Sections 162.01 and 162.02, F.S.
[2] See, AGO's 86-10, 85-84, 85-27, 85-17, and 84-55.
[3] Cf., s. 286.012, F.S., which requires members of any state, county, or municipal governmental board, commission, or agency who is present at a meeting of such body at which an official decision is to be taken to vote on such a decision unless there is, or appears to be, a possible conflict of interest under ss. 112.311,112.313, or 112.3143, F.S., in which case the member shall comply with the disclosure requirements of s. 112.3143, F.S.
[4] Section 38.02, F.S.
[5] Section 38.05, F.S.
[6] See, Thayer v. State, 335 So.2d 815, 817 (Fla. 1976); Ideal Farms Drainage District v. Certain Lands, 19 So.2d 234 (Fla. 1944).
[7] Compare, AGO 85-78 which concludes that the nature of the Bayshore Fire Protection and Rescue Service District as a special taxing district places the board of commissioners of the district outside the scope of s. 286.012, F.S., and that the district board is empowered by its enabling legislation to adopt its own rules of procedure in conformance with the voting and disclosure requirements of s. 112.3143(3), F.S.
[8] See, s. 112.322(3), F.S.; and AGO's 85-40 and 86-61.
[9] Southeastern Fisheries Association, Inc. v. Department of Natural Resources, 453 So.2d 1351 (Fla. 1984).
[10] Webster's New Collegiate Dictionary 715 (1975).
[11] Webster's Third New International Dictionary 1404 (unabridged ed. 1981).
[12] The American Heritage Dictionary 816 (1979).